**Claud F. HENNING, Charles C. Henning and Edmund J. Krajewski, Plaintiffs,**

v.

**KITCHEN ART FOODS, Inc., a Delaware Corporation, Defendant.**

**No. P–1416.**

United States District Court, S. D. Illinois, N. D.

Dec. 30, 1954.

---

5. 58 Stat. 85, 50 U.S.C.App. § 1191(c) (6).

E. V. Champion, Wayne Mathis, Peoria, Ill., Roger V. Pierson, Princeton, Ill., for plaintiffs.

Fischel, Kahn, Heart & Weinbey, Chicago, Ill., Miller, Westervelt, Johnson & Thomason, Eugene Johnson, Peoria, Ill., for defendant.

ADAIR, District Judge.

This action having been tried by the Court without a jury, the Court hereby makes the following Findings of Fact, Conclusions of Law and Judgment.

### Findings of Fact.

1. Plaintiffs are residents and citizens of the State of Illinois. Defendant, Kitchen Art Foods, Inc., is a Delaware corporation with its principal office and place of business in Chicago, Illinois.

2. The amount in controversy exceeds the sum of $3,000 exclusive of interest and costs.

3. On or about March 4, 1948, plaintiffs voluntarily solicited and requested defendant's assistance in marketing an angel food cake mix, which they represented to be a secret recipe owned by the plaintiffs.

4. During the period from March 4, 1948, to and including July 14, 1948, the plaintiffs and defendant negotiated the terms of an agreement licensing plaintiffs' recipe to defendant.

5. On July 14, 1948, plaintiffs and defendant entered into an agreement dated June 23, 1948, (Ex. "A" attached to Plaintiffs' Complaint). Said agreement provides for the licensing of plaintiffs' recipe to defendant through December 31, 1953.

6. Plaintiffs and defendant agreed to test the angel food cake mix prepared with plaintiffs' recipe by means of a retail market survey conducted by the Cook Coffee Company of Cleveland, Ohio.

7. The market survey was conducted during the period from August 23, 1948, through November 15, 1948, and the results thereof were unsatisfactory. As a result thereof, defendant discontinued all plans for the retail marketing of an angel food cake mix prepared from plaintiffs' recipe.

8. On or about January 13, 1949, plaintiffs requested defendant to release

all right and interest in and to plaintiffs' recipe for an angel food cake mix.

9. The defendant in compliance with plaintiffs' request, although then not required to do so, released any interest in and to plaintiffs' recipe for an angel food cake mix by written instrument dated January 17, 1949 (Ex. "B" attached to Plaintiffs' Complaint) and in the same instrument plaintiffs released the defendant from any claims arising out of their agreement dated June 23, 1948 (Ex. "A" attached to Plaintiffs' Complaint).

10. On August 16, 1948, plaintiffs for the first time disclosed to defendant their allegedly secret recipe for an angel food cake mix.

11. The defendant at no time either prior or subsequent to either July 14, 1948, or January 17, 1949, agreed with plaintiffs to refrain from marketing, producing, developing, or manufacturing an angel food cake mix.

12. The use and existence of each of the ingredients contained in plaintiffs' allegedly secret recipe for the making of an angel food cake mix was a matter of common knowledge long prior to March 4, 1948.

13. The existence and use of each of the ingredients contained in plaintiffs' allegedly secret recipe for making angel food cake mix was known to the defendant long prior to March 4, 1948.

14. The combination of ingredients used by plaintiffs in their allegedly secret recipe for making an angel food cake mix was a matter of common knowledge long prior to March 4, 1948, and was known to defendant long prior to March 4, 1948.

15. Any skill or so-called "know-how" which plaintiffs may have used in the making of an angel food cake mix was known to the defendant and was common knowledge long prior to March 4, 1948.

16. The preparation and sale of angel food cake mix at wholesale to bakeries and at retail was common knowledge and known to defendant long prior to March 4, 1948.

17. The defendant did not engage in the preparation, manufacturing or marketing of an angel food cake mix for the retail trade prior to March 28, 1950.

18. An angel food cake mix copyrighted as "Ka-Ko" containing on its label the descriptive words: "Ka-Ko Angel Food Cake Mix—Simply add Egg Whites" was on the retail market as early as the year 1924, and continued on the market until the year 1949. Said product, Ka-Ko Angel Food Cake Mix, was manufactured within a radius of fifty miles of plaintiffs' home. During that period it had been nationally advertised and sold in every sizable city of the United States and Canada.

19. Plaintiffs' alleged secret recipe for making an angel food cake mix did not contain dried egg whites. All angel food cake mix manufactured by defendant other than that manufactured for testing purposes from plaintiffs' recipe contained dried egg whites.

20. During the period from January 17, 1949, to and including March 29, 1950, the art of drying egg whites was so improved that it became commercially feasible for defendant to prepare and market an angel food cake mix containing dried egg whites.

21. As a result of the above improvement in the art of drying egg whites, the defendant without assistance, knowledge or disclosure from plaintiffs, on or about June 14, 1950, created in its own laboratory a recipe for an angel food cake mix for retail sale that was satisfactory.

22. Thereafter, and particularly from and after October 23, 1950, the defendant under its trade-mark "Py-O-My" produced, distributed, and sold an angel food cake mix developed by it in its own laboratories, and defendant at no time has used plaintiffs' recipe in the preparing, processing or manufacturing of its angel food cake mix marketed under its trade-mark "Py-O-My".

23. The plaintiffs' recipe for an angel food cake mix and the defendant's differ, among others, in the following respects:

(a) Defendant's recipe contains the equivalent of eight egg whites in dried

form, and recommends the addition of two fresh egg whites and water; whereas plaintiffs' recipe requires the addition of ten fresh egg whites and no water.

(b) Defendant's recipe contains the equivalent of eight egg whites in dried form; whereas plaintiffs' recipe contains no egg whites in dried form.

(c) It is necessary that defendant, pursuant to its recipe, place the ingredients in two bags. The plaintiff's recipe places all the ingredients in one bag.

(d) Under plaintiffs' recipe sifting of flour is required. Under defendant's recipe sifting of flour is eliminated.

(e) Defendant's recipe requires only a minimum amount of beating the egg whites; whereas plaintiffs' recipe requires a specific and critical minimum and maximum beating of egg whites.

(f) The percentage of ingredients by both weight and volume of plaintiffs' and defendant's recipe differ significantly, particularly with respect to the important ingredient, cream of tartar.

(g) Defendant's recipe produces a substantially smaller angel food cake then does plaintiffs' recipe.

(h) Defendant's recipe contains oil of lemon terpeneless; whereas, plaintiffs' recipe does not.

### Conclusions of Law.

1. This Court has jurisdiction of this cause and the parties hereto.

2. The plaintiffs' alleged recipe and "know-how" for making an angel food cake mix contains nothing which was new or novel in March of 1948.

3. Plaintiffs' alleged secret recipe for making an angel food cake mix is made up in its entirety of matter which was common and public knowledge, and was well known to the defendant long prior to March 4, 1948.

4. The defendant at no time either by contract with the plaintiffs or otherwise restricted or waived its right to develop independently a recipe for and to market an angel food cake mix.

5. That, by reason of plaintiffs' release, dated January 17, 1949, (Ex. "B" attached to Plaintiffs' Complaint) plaintiffs released any and all claims against defendant arising from the agreement between the plaintiffs and defendant entered into June 23, 1948 (Ex. "A" attached to Plaintiffs' Complaint) and from any other cause, including the cause of action set up herein.

6. The defendant has not been unjustly enriched at the plaintiffs' expense and the plaintiffs are not entitled to an accounting, injunction or recovery of damages from defendant in any form or amount.

7. Defendant has not appropriated any trade secret from plaintiffs.

8. The idea of preparing an angel food cake mix was not the property of the plaintiffs, and plaintiffs are not entitled to any compensation for any suggestion thereof which it may have made to the defendant.

9. The Complaint and this cause of action should be dismissed at plaintiffs' costs, and judgment entered for the defendant and against the plaintiffs for defendant's costs.

### Judgment.

In accordance with the foregoing Findings of Fact and Conclusions of Law, It Is Ordered, Adjudged and Decreed that the Complaint herein is dismissed upon the merits, and the relief requested by plaintiffs is denied, and that the defendant have judgment against the plaintiffs for its costs in this action.